UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, Individually and on Behalf of All Others Similarly Situated, | Case No. 21-CV-2669 (PJS/BRT) |
| Plaintiff, | **SCHAMMAS'S BRIEF SUPPORTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL** |
| v. | |
| SLEEP NUMBER CORPORATION, SHELLY R. IBACH and DAVID R. CALLEN, | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ...........................................................................................................................1

FACTS ............................................................................................................................................2

ARGUMENT .................................................................................................................................4

    I.       SCHAMMAS SHOULD BE APPOINTED LEAD PLAINTIFF. ...........................4

           A.    Schammas is willing to serve as a class representative...................5

           B.    Schammas has the "largest financial interest" in
                 the action to the best of his knowledge. ...............................................5

           C.    Schammas otherwise satisfies Rule 23's requirements. .................6

    II.     THE COURT SHOULD APPROVE LEAD PLAINTIFF'S
          SELECTION OF COUNSEL. .....................................................................................9

CONCLUSION............................................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chung v. Tyson Foods, Inc.*, Nos. 5:16-CV-5354 *et al.*,
  2017 U.S. Dist. LEXIS 10212 (W.D. Ark. Jan. 25, 2017)......................................................7

*Erickson v. Hutchinson Tech. Inc.*, Nos. 15-cv-4261,
  2016 U.S. Dist. LEXIS 187300 (D. Minn. Apr. 1, 2016)......................................................6

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997)......................................................................................7

*Horowitz v. Sunedison, Inc.*, No. 4:15 CV 1769 RWS,
  2016 U.S. Dist. LEXIS 38435 (E.D. Mo. Mar. 20, 2016)....................................................6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).......................................................6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998).......................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)..............................................................................................7

*In re Petrobras Securities Litigation*,
  No. 14-cv-09662 (S.D.N.Y.)................................................................................................ 10

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................................................5, 6

*Mas v. KV Pharm. Co.*, Nos. 4:08-CV-1859 (CEJ) *et al.*,
  2009 U.S. Dist. LEXIS 32000 (E.D. Mo. Apr. 15, 2009) ....................................................7

*Reese v. Bahash*,
  248 F.R.D 58 (D.D.C. 2008) ................................................................................................7

*Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS,
  2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 24, 2016)....................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)...........................................................................................1, 4, 6, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)................................................................................................5

Private Securities Litigation Reform Act of 1995................................................................. 7, 8

## Rules

Fed. R. Civ. P. 23......................................................................................................1, 4, 6, 7

**INTRODUCTION**

Ricardo Dario Schammas ("Schammas") asks the Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (1) appointing Schammas as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired the securities of Sleep Number Corporation ("Sleep Number" or the "Company") between February 18, 2021 and July 20, 2021, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Forsgren Fisher McCalmont DeMarea Tysver LLP ("Forsgren Fisher") as Liaison Counsel for the Class.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Schammas, who incurred losses of approximately $14,599 in connection with his Class Period purchases of Sleep Number securities, believes that he has the largest financial interest in the relief sought in this action.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.

Beyond his significant financial interest, Schammas also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, Schammas has selected Pomerantz as Lead Counsel for the Class.  Schammas has also selected the highly respected firm Forsgren Fisher, which has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Schammas respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selections of Lead Counsel and Liaison Counsel.

**FACTS**

As the Complaint alleges, Sleep Number is best known for its Sleep Number 360® smart beds which employ Sleep Number's SleepIQ® technology to automatically adjust the mattress's firmness, comfort, and support as one sleeps.  In an effort to differentiate Sleep Number from its competitors and to justify Sleep Number's high stock price, Sleep Number repeatedly touted its "vertical integration" strategy as a key competitive advantage that enabled Sleep Number to manage its inventory and meet customer demand on a timely and profitable basis.

The Complaint further alleges that throughout the Class Period, Defendants made false and misleading statements and failed to disclose that: (i) Sleep Number had suffered a severe disruption in its supply chain for foam as a result of Winter Storm Uri; (ii) Sleep Number did not have in place the supply-chain flexibility,

2

redundancies, and fail-safes, as had been represented to investors, sufficient to offset the foam supply disruption caused by Winter Storm Uri; (iii) because foam was a necessary component for Sleep Number's production of its primary mattress products, Sleep Number's ability to timely fulfill customer orders had been materially impaired; (iv) thus, Sleep Number was unable to meet surging customer demand for Sleep Number's products; and (v) that, as a result, Sleep Number had been forced to delay mattress shipments to end consumers, pushing millions of dollars' worth of sales into subsequent quarters and negatively impacting Sleep Number's financial results.

On April 21, 2021, Sleep Number revealed that Sleep Number had missed consensus sales estimates for the first fiscal quarter ended March 31, 2021 as a result of significant supply-chain disruptions.  Specifically, Sleep Number disclosed that Sleep Number had "more than $50 million of deliveries (two weeks) shifted out of the quarter due to temporary foam supply constraints," representing nearly 9% of Sleep Number's entire sales for the quarter.  On this news, the price of Sleep Number stock fell by nearly 12%.

Then, on July 20, 2021, Sleep Number revealed that Sleep Number had missed consensus estimates on the top and bottom line for the second fiscal quarter ended June 30, 2021 and again blamed the disappointing results in significant part on "near-term supply constraints" and component shortages.  On this news, the price of Sleep Number stock fell by nearly 13%, further damaging investors.

3

## ARGUMENT

### I.   SCHAMMAS SHOULD BE APPOINTED LEAD PLAINTIFF.

Schammas should be appointed Lead Plaintiff because, to his knowledge, Schammas has the largest financial interest in this action and otherwise satisfies Rule 23's requirements.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court considers all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Schammas satisfies all three criteria.

4

**A.     Schammas is willing to serve as a class representative.**

On December 14, 2021, plaintiff's counsel caused a notice to be published over *Business Wire* pursuant to the PSLRA's Section 21D(a)(3)(A)(i), which announced that this action had been filed against Defendants and advised investors in Sleep Number securities that they had 60 days—*i.e.*, until February 14, 2022—to file a motion to be appointed as lead plaintiff (the "Notice").  *See* Lieberman Decl., Ex. B.  Schammas has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Schammas satisfies the first requirement to serve as Lead Plaintiff.

**B.     Schammas has the "largest financial interest" in the action to the best of his knowledge.**

The PSLRA establishes a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Schammas has the largest financial interest of any Sleep Number investor seeking to serve as Lead Plaintiff.  Courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with other courts

5

nationwide,[1] these *Lax* factors have been adopted by courts in the Eighth Circuit, including this district. *See, e.g., Erickson v. Hutchinson Tech. Inc.*, Nos. 15-cv-4261 (DSD/LIB), 2016 U.S. Dist. LEXIS 187300, at *11 (D. Minn. Apr. 1, 2016); *Kops v. NVE Corp.*, No. Civil File Nos. 06-574 (MJD/JJG), 06-982 (MJD/JJG), 06-997 (MJD/JJG)., 2006 U.S. Dist. LEXIS 49713, at *10 (D. Minn. Jul. 17, 2006); *Horowitz*, 2016 U.S. Dist. LEXIS 38435, at *12.

During the Class Period, Schammas: (1) purchased 382 shares of Sleep Number securities; (2) expended $51,063 on his purchases of Sleep Number securities; (3) retained 382 shares of Sleep Number securities; and (4) incurred losses of $14,599 in connection with his transactions in Sleep Number stock during the Class Period. *See* Lieberman Decl., Ex. A. To the extent that Schammas possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C.   Schammas otherwise satisfies Rule 23's requirements.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal

---

[1]   *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a class-certification motion.  Instead, a *prima facie* showing that the movant satisfies Rule 23's requirements is sufficient.  *Chung*, 2017 U.S. Dist. LEXIS 10212, at *13-*14 (citing *Reese v. Bahash*, 248 F.R.D 58, 62 (D.D.C. 2008)); *Mas v. KV Pharm. Co.*, Nos. 4:08-CV-1859 (CEJ) *et al.*, 2009 U.S. Dist. LEXIS 32000, at *5 (E.D. Mo. Apr. 15, 2009). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

"Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members."  *Kops*, 2006 U.S. Dist. LEXIS 49713, at *17.  Here, Schammas's claims are typical of those of the Class.  Schammas alleges, as do all Class members, that Defendants violated the Securities Act and Exchange Act by making false or

7

misleading statements of material facts and/or omitting to disclose material facts concerning Sleep Number during the Class Period.  Schammas, as did all members of the Class, purchased Sleep Number securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Sleep Number's stock price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy Rule 23(a)(3)'s typicality requirement.

Under the PSLRA, "'[t]o satisfy the adequacy requirement, Plaintiffs must show that (1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'"  *Id.* at *18 (quoting *In re GenesisIntermedia Secs. Litig.,* 232 F.R.D. 321, 330 (D. Minn. 2005)).  Here, Schammas's significant losses in connection with the fraud alleged ensure that he will remain highly motivated to prosecute securities fraud claims against the Defendants to secure recovery on behalf of the Class.  Finally, as discussed in greater detail *infra* at Section III, in Pomerantz and Forsgren Fisher, Schammas has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action

and submits his choices to the Court for approval as Lead Counsel and Liaison Counsel, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Schammas has also submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. C. Further, there is no evidence of antagonism or conflict between Schammas's interests and the interests of the Class. The significant losses Schammas incurred demonstrate that he has a sufficient interest in the litigation's outcome.

Further demonstrating his adequacy, Schammas has submitted a declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

## II. THE COURT SHOULD APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at *7 (W.D. Tex. Feb. 24, 2016) (approving selection of lead counsel, being "satisfied that [movant's selected counsel is sufficiently qualified to represent the class").

Here, Schammas has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris. For more than 75 years, Pomerantz has represented defrauded investors. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. Courts throughout the country have recognized Pomerantz's qualifications to serve as class counsel.

Forsgren Fisher is likewise well-qualified to serve as Liaison Counsel. Forsgren Fisher maintains an office in Minneapolis, Minnesota, and the firm specializes in securities class-action matters, among other practice areas. Forsgren Fisher has experience in class actions and has extensive familiarity with this district's rules and practice norms.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, Schammas's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively

10

and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by Schammas, with Pomerantz as Lead Counsel and Forsgren Fisher as Liaison Counsel, the class members will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Schammas respectfully requests that the Court issue an Order (1) appointing Schammas as Lead Plaintiff for the Class; and (2) approving his selections of Pomerantz as Lead Counsel and Forsgren Fisher as Liaison Counsel for the Class.

Dated:  February 14, 2022                    Respectfully submitted,

                                             s/ Robert J Gilbertson
                                             Robert J. Gilbertson  (# 22361X)
                                             Matthew D. Forsgren (# 246694)
                                             FORSGREN FISHER MCCALMONT
                                             DEMAREA TYSVER LLP
                                             Capella Tower, Suite 1750
                                             225 South Sixth Street
                                             Minneapolis, MN  55402
                                             bgilbertson@forsgrenfisher.com
                                             mforsgren@forsgrenfisher.com
                                             (612) 474-3300

                                             *Counsel for Schammas and Proposed Liaison Counsel for the Class*

                                             Jeremy A. Lieberman
                                             (*pro hac vice* application forthcoming)
                                             J. Alexander Hood II
                                             (*pro hac vice* application forthcoming)

11

POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY  10016
jalieberman@pomlaw.com
ahood@pomlaw.com
(212) 661-1100

*Counsel for Schammas and Proposed Lead
Counsel for the Class*

Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY  10165
peretz@bgandg.com
(212) 697-6484

*Additional Counsel for Schammas*

12

## CERTIFICATE OF SERVICE

This is to certify that on February 14, 2022, I have caused the above and foregoing to be filed on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*s/ Robert J Gilbertson*
Robert J. Gilbertson
