# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

STEAMFITTERS LOCAL 449 PENSION )   Civ. No. 0:21-cv-02669-PJS-BRT
& RETIREMENT SECURITY FUNDS, )
Individually and on Behalf of All Others )
Similarly Situated, )

                         )

                     Plaintiff, )

vs.                         )

                         )

SLEEP NUMBER CORPORATION, et al., )

                         )

                 Defendants. )

**CLASS ACTION**

**THE PENSION & RETIREMENT FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO RICARDO DARIO SCHAMMAS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4885-8540-9808.v1

Steamfitters Local 449 Pension & Retirement Security Funds (the "Pension & Retirement Funds") – which are not only the type of lead plaintiff that Congress expressed its preference for in passing the Private Securities Litigation Reform Act of 1995 ("PSLRA") but also the plaintiff that developed and filed the only complaint in this action to protect the interests of the class – respectfully submit this opposition to the motion for appointment as lead plaintiff filed by Ricardo Dario Schammas, an individual investor in Argentina.  *See* ECF No. 16.

As a preliminary matter, the Pension & Retirement Funds are statutorily eligible for appointment as lead plaintiff precisely because they filed the complaint in this action. Indeed, the PSLRA is clear that the presumptively most adequate plaintiff is one who "***either*** filed the complaint ***or*** made a motion in response to a notice."  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(aa).[1]   Stated differently, it was not necessary for the Pension & Retirement Funds – the plaintiff that filed the complaint – to also file a motion.  *See In re Millennial Media, Inc. Sec. Litig*., 87 F. Supp. 3d 563, 566 n.1 (S.D.N.Y. 2015) ("Although Ostroviak did not file a formal motion to serve as lead plaintiff, the Court considers him as a potential lead plaintiff because he filed a Complaint."); *Grodko v. Cent. Eur. Distrib. Corp*., 2012 WL 6595931, at *8-*9 (D.N.J. Dec. 17, 2012) (rejecting argument that institutional investor that filed a complaint before the deadline expired should not be

---

[1]   In the Prayer for Relief, the Pension & Retirement Funds expressly requested to be appointed lead plaintiff and to have their chosen counsel, Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP, appointed as lead counsel.  *See* ECF No. 1 at 20, ¶A. Unless otherwise noted herein, all emphasis is added and citations are omitted.

considered for appointment as lead plaintiff because it only filed a complaint and not a motion, and appointing that institution as lead plaintiff).

Turning to the substance, when considering lead plaintiff candidates, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001). Rather, in determining which movant is the presumptively most adequate plaintiff, "[t]here is a . . . factor which [courts] cannot overlook. Under the PSLRA, institutional investors are considered preferred lead plaintiffs." *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) ("many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"). In fact, "[t]his preference has been determinative in other cases, even when an institutional investor has a slightly lower loss than another potential lead plaintiff." *Id.*; *see also Juliar v. SunOpta Inc.*, 2009 WL 1955237, at \*2 (S.D.N.Y. Jan. 30, 2009) (appointing institutional investor over an individual investor with larger losses); *Malasky v. IAC/InteractiveCorp*, 2004 U.S. Dist. LEXIS 25832, at \*11-\*12 (S.D.N.Y. Dec. 21, 2004) (finding institutional investor status determinative in appointing lead plaintiff).

Here, while Mr. Schammas purports to have suffered a numerically larger loss than the Pension & Retirement Funds, as in *Juliar*, the Court should find the "difference is minimal and . . . does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs." 2009 WL 1955237, at

- 2 -

4885-8540-9808.v1

*2; *see also Police & Fire Ret. Sys .of City of Detroit v. SafeNet, Inc*., 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (finding that $40,000 difference between movants was a "very slight difference" that was not "outcome determinative" and could not "dictate such an important result," and "treat[ing] these losses as roughly equal"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (finding that an institutional investor was "the more adequate and preferable" of two plaintiffs, despite having suffered "slightly lower" losses).

Precisely because of this preference for institutional investors with experience serving as lead plaintiff in complex cases like this, courts have opted to appoint institutional investors as lead plaintiff alongside individual investors, even where the loss differential is more than double. *See, e.g.*, *Odeh v. Immunomedics, Inc*., 2019 WL 8091604, at *3 (D.N.J. Sept. 10, 2019) (appointing institutional investor as co-lead plaintiff alongside individual investor that suffered nearly two times greater losses because the individual "'will be able to benefit from the investment experience of [the Funds], as an institutional investor'"); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) (exercising discretion in appointing an institutional investor as lead plaintiff with individual investor to ensure adequate representation); *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing an institutional investor with claimed losses of less than $2,000 as co-lead plaintiff after expressing concerns over the ability of the individual movants with $30,045 and $169,200 in losses to lead the litigation on behalf of the class because "the Pension Fund has the expertise to prosecute the litigation in the manner contemplated by the PSLRA").

- 3 -

4885-8540-9808.v1

Here, although Mr. Schammas claims to have suffered the largest loss, the Court knows nothing about his ability to oversee counsel in prosecuting a complex securities class action. *See generally Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (denying individuals' lead plaintiff motion where they failed to demonstrate "that they are the type of sophisticated investor who can control a multi-million dollar class action" and finding that "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task"). The fact that Mr. Schammas is an otherwise unknown individual (rather than a perpetual organization) poses real risks to the class.[2] *See generally In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST, ECF No. 85 (N.D. Cal. Jan. 10, 2022) (ordering republication of notice and filing of new lead plaintiff motions after suggestion of death filed for existing lead plaintiff).

By contrast, as institutional investors with successful prior service as lead plaintiff that suffered a substantial loss and selected qualified counsel, the Pension & Retirement Funds are the paradigmatic lead plaintiff candidate. *See Nakamura v. BRF S.A.*, 2018 WL 3217412, at *4-*5 (S.D.N.Y. July 2, 2018) (denying individuals' motion and granting institution's motion despite fact that institution's loss was nearly $130,000 smaller than the

---

[2]   Mr. Schammas' Certification states that he sought appointment as lead plaintiff in another securities case (but was not appointed), *In re 360 DigiTech, Inc. Sec. Litig.*, No. 1:21-cv-06013 (S.D.N.Y.). In that case, Mr. Schammas had multiple trading accounts and also entered into options transactions as an apparent hedge against his long stock positions. *See id.*, ECF No. 19-2. Here, however, Mr. Schammas only disclosed stock transactions in a single account. *See* ECF No. 18-3. Given these discrepancies, and to ensure his financial interest is accurate, Mr. Schammas should confirm that he properly identified all securities and accounts with Sleep Number securities.

- 4 -

group's loss). Indeed, other than pointing out its relatively lower financial stake in the litigation, Mr. Schammas cannot make any legitimate argument against the Pension & Retirement Funds' appointment as lead plaintiff in this case.

In sum, the Pension & Retirement Funds are the paradigmatic lead plaintiff and their candidacy will likely be unopposed. If the Court is nonetheless inclined to appoint Mr. Schammas based upon his financial interest, the Pension & Retirement Funds, as the preferred institutional investor, should be appointed to serve as lead plaintiff with Mr. Schammas to ensure the putative class is adequately represented throughout the lifetime of this complex securities class action.

DATED:  February 22, 2022

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
GREGG M. FISHBEIN (#202009)
KAREN HANSON RIEBEL (#219770)


/s/Gregg M. Fishbein
[ATTORNEY SIGNATURE]

100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401-2159
Telephone:  612/339-6900
612/339-0981 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 5 -

ROBBINS GELLER RUDMAN
   & DOWD LLP
RICHARD GONNELLO
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100

ROBBINS GELLER RUDMAN
   & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

LABATON SUCHAROW LLP
FRANCIS P. McCONVILLE
DOMENICO MINERVA
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

Attorneys for Plaintiff

- 6 -

4885-8540-9808.v1