UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, Individually and on Behalf of All Others Similarly Situated, | Case No. 21-CV-2669 (PJS/BRT) |
| Plaintiff, | **SCHAMMAS'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL** |
| v. | |
| SLEEP NUMBER CORPORATION, SHELLY R. IBACH and DAVID R. CALLEN, | |
| Defendants. | |

---

Movant Ricardo Schammas hereby respectfully submits this Reply in further support of his motion for appointment as Lead Plaintiff and approval of Lead Counsel in this litigation (Doc. No. 15).

The PSLRA provides no basis for the Court to put a thumb on the scale in favor of Steamfitters' appointment as Lead Plaintiff simply because it is an institution. Rather, the PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and has made a *prima facie* showing of typicality and adequacy within Rule 23's meaning. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can be rebutted **only** upon proof that the presumptive "most adequate plaintiff" is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, two putative Class members seek appointment as Lead Plaintiff: (1) Schammas, claiming a loss of $14,599 (Doc. No. 18-1); and (2) Steamfitters, which appears to have incurred a loss of $6,056 (Doc. No. 1 at *26).[1] With a loss nearly two-and-a-half times the size of Steamfitters' loss, Schammas thus plainly has the largest financial interest in this litigation among the candidates, thereby satisfying the first of the two statutory "most adequate plaintiff" criteria.

---

[1]    Steamfitters has not alleged a specific loss figure anywhere in its submissions to the Court to date. Mr. Schammas's counsel has independently calculated the figure of $6,056 using the transaction data reflected in the Certification appended to Steamfitters' initial complaint. (Doc. No. 1 at *26.)

Steamfitters has conceded as much, acknowledging that "Schammas purports to have suffered a numerically larger loss than [Steamfitters]." (Doc. No. 26 at 2.) In addition, Schammas has *prima facie* demonstrated his adequacy and typicality pursuant to Rule 23, as set forth in his motion brief (Doc. No. 17 at 6-9), thereby satisfying the second of the statutory criteria. Schammas's adequacy and typicality are also unchallenged by Steamfitters. Accordingly, it is undisputed that Schammas satisfies the statutory criteria for the presumption that he is the "most adequate plaintiff" under the PSLRA.

This presumption in favor of Schammas's appointment as Lead Plaintiff can be rebutted only upon proof that the presumptive "most adequate plaintiff" is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Steamfitters has adduced no such proof. Rather, Steamfitters opposed Schammas's appointment and urges the Court to appoint Steamfitters as Lead Plaintiff instead solely because Steamfitters is an institutional investor. Yet as set forth below, the PSLRA does not even mention institutions, let alone favor their appointment over individual investors, and Steamfitters' argument finds no support in either the statute or PSLRA jurisprudence.

The PSLRA's clear language does not mention, much less privilege, institutional investors. *See In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 04-cv-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("The language of the [PSLRA] does not require that institutional investors take precedence over individual

plaintiffs who are otherwise qualified to serve in a lead capacity."). While there is no dispute in the Congressional record that Congress hoped that institutional investors would seek appointment as lead plaintiffs, Congress did not make such an aspiration a basis in the PSLRA's text to deny lead-plaintiff status to individuals who had larger losses than institutional investors:

> The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor, however. ***If that were the case, Congress would have simply provided that institutional investors are presumptively the most adequate plaintiffs regardless of the size of financial loss and saved the Court from the need to engage in the very analysis it undertakes here.*** Instead, Congress chose to use the size of financial loss as the initial proxy for determining whether a particular plaintiff would be the "most adequate plaintiff."

*In re Texlon Corp. Secs. Litig.*, 67 F. Supp. 2d 803, 820-22 (N.D. Ohio 1999) (emphasis added) (citations omitted). *See also Reiger v. Altris Software, Inc.*, 98-cv-0528 (JFS), 1998 U.S. Dist. LEXIS 14705, at *14 (S.D. Cal. Sept. 11, 1998) ("If Congress had intended to restrict the application of the rebuttable presumption to institutional investors, it could have stated such in the statute.").

Nevertheless, Steamfitters incorrectly characterizes its losses as only "slightly lower" than Schammas's and urges the Court to resolve this supposedly close call in favor of Steamfitters simply because it is an institution. But Schammas's loss is ***241%*** of Steamfitters' loss. Steamfitters has not cited a single case where an institutional investor was appointed Lead Plaintiff over an individual with a significantly greater loss, simply by virtue of being an institutional investor. In *In re*

3

*Vicuron Pharms, Inc. Sec. Litig.*, 225 F.R.D. 508 (E.D. Pa. 2004), the institutional investor group appointed as lead plaintiff also had the largest financial interest (*id.* at 510)—which, again, is not the case here. The court in *In re Gentiva Sec. Litig.*, 281 F.R.D. 108 (E.D.N.Y. 2012) expressly acknowledged that its observations regarding institutional investors were mere dicta, stating that "[i]n the present case, **every** movant is an institutional investor. Therefore, the Court need not address this consideration as part of its analysis." *Id.* at 113 (emphasis added). In *Juliar v. SunOpta, Inc.*, 2009 U.S. Dist. LEXIS 58118, at *9 (S.D.N.Y. Jan. 30, 2009), *Police & Fire Ret. Sys v. SafeNet, Inc.*, 06 Civ. 5797 (PAC) *et al.*, 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007), and *In re Doral Fin. Corp. Sect. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006), the courts based their decisions on a presumption in favor of institutional investors only after expressly characterizing the competing movants' losses as approximately equal. Similarly, in *Malasky v. IAC/InteractiveCorp*, 04 Civ. 7447 (RJH) *et al.*, 2004 U.S. Dist. LEXIS 25832, at *10 (S.D.N.Y. Dec. 20, 2004), the court appointed an institution as a co-lead plaintiff alongside an individual whose losses were $700,000 versus $628,524—a difference of only about 10%. These authorities are thus of no help to Steamfitters, since Schammas' loss is 241% of its own.

Nor should the Court appoint Steamfitters as a Co-Lead Plaintiff alongside Schammas. Courts generally decline to appoint lead-plaintiff groups, where, as here, one member of the unilaterally proposed group (Schammas) does not wish to serve

4

as a Co-Lead Plaintiff alongside the other (Steamfitters). *Mullen v. Wells Fargo & Co.*, Nos. C 20-07674 WHA *et al.*, 2021 U.S. Dist. LEXIS 48402, at *12 (N.D. Cal. Mar. 15, 2021) (denying unilateral request for appointment as co-lead plaintiff alongside another movant seeking appointment as sole lead plaintiff); *Montag v. Volkswagen AG*, 2:21-cv-3678-MCS-AS, 2021 U.S. Dist. LEIXS 169033, at *7-*9 (C.D. Cal. July 21, 2021) (same).

There is no basis in the PSLRA or in federal securities jurisprudence to deny Schammas's appointment as Lead Plaintiff given the facts here, and Steamfitters' status as an institution does not militate otherwise. It is undisputed that Schammas meets the PSLRA's criteria for the presumption that he is the "most adequate plaintiff" for the Class, and Steamfitters has adduced no proof to rebut that presumption. The statute is thus clear: Schammas should be appointed Lead Plaintiff.

For the foregoing reasons and those set forth in his motion brief (Doc. No. 17), Schammas respectfully requests that the Court issue an Order granting his motion in full.

5

Dated:  March 1, 2022.                    Respectfully submitted,


s/ *Robert J Gilbertson*
Robert J. Gilbertson  (# 22361X)
Matthew D. Forsgren (# 246694)
FORSGREN FISHER MCCALMONT
DEMAREA TYSVER LLP
Capella Tower, Suite 1750
225 South Sixth Street
Minneapolis, MN  55402
bgilbertson@forsgrenfisher.com
mforsgren@forsgrenfisher.com
(612) 474-3300

*Counsel for Schammas and Proposed Liaison*
*Counsel for the Class*

Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY  10016
jalieberman@pomlaw.com
ahood@pomlaw.com
(212) 661-1100

*Counsel for Schammas and Proposed Lead*
*Counsel for the Class*

Peretz Bronstein
(admitted *pro hac vice*)
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY  10165
peretz@bgandg.com
(212) 697-6484

*Additional Counsel for Schammas*

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 1, 2022, I have caused the above and foregoing to be filed on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*s/ Robert J Gilbertson*
Robert J. Gilbertson
