**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civ. No. 0:21-cv-02669-PJS-BRT <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | **THE PENSION & RETIREMENT FUNDS' SUR-REPLY IN FURTHER** |
| vs. | ) ) ) | **OPPOSITION TO RICARDO DARIO SCHAMMAS' LEAD PLAINTIFF MOTION** |
| SLEEP NUMBER CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

Ricardo Dario Schammas' reply brief ineffectively responds to the Steamfitters Local 449 Pension & Retirement Security Funds' (the "Pension & Retirement Funds") opposition by erroneously contending that no law was cited in support of the Pension & Retirement Funds' position and by failing to respond to the Pension & Retirement Funds' over-arching concern regarding his candidacy, as an individual residing in Argentina, to serve as the sole fiduciary for absent class members in this complex securities case.

As to the former issue, Mr. Schammas wrongly contends that "Steamfitters has not cited a single case where an institutional investor was appointed Lead Plaintiff over an individual with a significantly greater loss, simply by virtue of being an institutional investor." ECF No. 32 at 3. In fact, the Pension & Retirement Funds' opposition brief cited *Juliar v. SunOpta Inc.*, 2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009) in which the court found a $30,000 loss differential – *3.5 times higher than the difference at issue here* – was "minimal" and "does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs." *Id.* at *2 (cited at ECF No. 26 at 2); *see also Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 853 (E.D. Pa. 2018) ("we conclude the Fund's status as an institutional investor favors it over the two individual investors whose apparent aggregate loss, by their own calculations, is slightly greater than the Fund's" by $6,000 and finding that the "Fund is more capable of representing the interests of the [class] members"). The Pension & Retirement Funds also

- 1 -

cited numerous cases where a court exercised its inherent statutory discretion[1] to appoint

an institutional investor as an additional lead plaintiff with an individual investor precisely

because of the PSLRA's institutional preference:

| Case | Loss Differential |
|---|---|
| *Odeh v. Immunomedics, Inc.*, 2019 WL 8091604, at *3 (D.N.J. Sept. 10, 2019) | $103,646 |
| *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) | $167,200 and $28,045 |
| *Malasky v. IAC/InteractiveCorp*, 2004 U.S. Dist. LEXIS 25832, at *11-*12 (S.D.N.Y. Dec. 21, 2004) | $71,477 |

*Id.* at 3 (citing cases); *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 131

(D. Conn. 2005) ("the Court exercises its discretion and, acting in the best interests of the

purported class members, appoints Pathway Investments as a co-lead plaintiff" along with

an individual that suffered the greatest loss and recognizing the "institutional knowledge

and resources Pathway Investments would bring to the litigation").[2] Nor does

---

[1]  *See* 15 U.S.C. §78u-4(a)(3)(B)(i) (directing courts to appoint as lead plaintiff the "member *or members*" of the purported plaintiff class "that the court determines to be most capable of adequately representing the interests of class members") (emphasis added).

[2]  *See also Johnson v. Pozen Inc.*, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) (finding it appropriate to appoint individual and institution as lead plaintiff because they "will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason"); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. 2003) (exercising discretion in appointing an institutional investor as lead plaintiff with individual investor to "ensure that all class members will be adequately represented"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C. D. Cal. 1999) ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will

Mr. Schammas' repeated emphasis of the percentage by which his loss exceeds that of the Pension & Retirement Funds help his cause, as the individual's loss in *First Bancorp* was nearly 8,360% greater than the institution's loss.  *See* 409 F. Supp. 2d at 483.

More problematically, Mr. Schammas failed to respond to the Pension & Retirement Funds' overarching concern that "the Court knows nothing about his ability to oversee counsel in prosecuting a complex securities class action," which "poses real risks to the class."  ECF No. 26 at 4 (citing cases).[3]  Mr. Schammas also declined to confirm the accuracy of his claimed financial interest.  *Id.*  The risk to the putative class here is not speculative and can have dire consequences.  *See, e.g.*, *China Agritech, Inc. v. Resh*, __ U.S. __, 138 S.Ct. 1800 (2018) (holding that upon denial of class certification, a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, may not commence a class action anew beyond the time allowed by the applicable statute of limitations).  As such, the Court would be well within its discretion to find that the loss differential here is insufficient to overcome the PSLRA's strong preference for

---

represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone.").

[3] By failing to respond to these arguments, Schammas has conceded these risks exist.  *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."); *Allen v. Mo.*, 2013 WL 2156259, at *12 (E.D. Mo. May 17, 2013) (construing plaintiff's failure to respond to the defendant's motion regarding some of the claims as plaintiff's abandonment of those claims); *United States v. NHC Health Care Corp.*, 163 F. Supp. 2d 1051, 1058-59 (W.D. Mo. 2001) (finding that the plaintiff abandoned certain claims by failing to address those claims in response to defendant's motion for summary judgment).

institutional investors, especially given the adequacy concerns implicated by Mr. Schammas' candidacy.

In sum, Mr. Schammas' reply brief adds nothing to the record before the Court, nor does the reply provide a compelling basis for the Court to conclude that the Pension & Retirement Funds' appointment as a lead plaintiff in this case would be anything but appropriate under the circumstances here. Accordingly, the Pension & Retirement Funds respectfully request that the Court grant its motion to be appointed as a lead plaintiff.

Respectfully submitted,

Dated: March 4, 2022

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
GREGG M. FISHBEIN (#202009)
KAREN HANSON RIEBEL (#219770)

*/s/Gregg M. Fishbein*
        [ATTORNEY SIGNATURE]

100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401-2159
Telephone:  612/339-6900
612/339-0981 (fax)

ROBBINS GELLER RUDMAN
        & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
        & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

- 4 -

- 5 -

LABATON SUCHAROW LLP
FRANCIS P. McCONVILLE
DOMENICO MINERVA
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

*Attorneys for Plaintiff*