**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION & RETIREMENT SECURITY FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>SLEEP NUMBER CORPORATION, SHELLY R. IBACH, and DAVID R. CALLEN,<br><br>          Defendants. | Case No. 0:21-cv-02669-PJS-DTS<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

FOX ROTHSCHILD LLP
222 S. Ninth Street, Suite 2000
Minneapolis, Minnesota 55402
Tel:  (612) 607-7000
Fax:  (612) 607-7100

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

*Counsel for Defendants*

Dated:  October 25, 2022

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ................................................................................................... 1

I.    PLAINTIFFS FAIL TO PLEAD A MISSTATEMENT OR OMISSION ............... 1

    A.    Plaintiffs Fail To Plead Falsity ........................................... 1

    B.    Defendants' Forward-Looking Statements Are Not Actionable ................... 2

    C.    Statements of Puffery, Optimism, And Opinion Are Not Actionable .......... 5

    D.    Plaintiffs Fail To Plead An Omission ........................................... 5

II.   PLAINTIFFS FAIL TO PLEAD SCIENTER ........................................... 6

III.  PLAINTIFFS FAIL TO PLEAD LOSS CAUSATION ................................. 8

IV.   PLAINTIFFS' "CONTROL PERSON" CLAIM FAILS ............................... 10

CONCLUSION ................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                         **Page(s)**

*Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*,
94 F. Supp. 3d 1035 (D. Minn. 2015)................................................................ 5, 6

*In re Ceridian Corp. Sec. Litig.*,
504 F. Supp. 2d 603 (D. Minn. 2007), *aff'd*, 542 F.3d 240 (8th Cir.
2008) ........................................................................................................ 10

*Elam v. Neidorff*,
544 F.3d 921 (8th Cir. 2008) ......................................................................... 1

*In re Hutchinson Tech., Inc. Sec. Litig.*,
536 F.3d 952 (8th Cir. 2008) ......................................................................... 3

*Julianello v. K-V Pharm. Co.*,
791 F.3d 915 (8th Cir. 2015) ...................................................................... 3, 4

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
543 F. Supp. 3d 96 (D. Md. 2021), *aff'd*, 31 F.4th 898 (4th Cir. 2022) ...................... 4

*In re New Energy Sys. Sec. Litig.*,
66 F. Supp. 3d 401 (S.D.N.Y. 2014)................................................................ 10

*In re NVE Corp. Sec. Litig.*,
551 F. Supp. 2d 871 (D. Minn. 2007), *aff'd*, 527 F.3d 749 (8th Cir.
2008) ................................................................................................... 3, 4, 7

*Pound v. Stereotaxis, Inc.*,
8 F. Supp. 3d 1157 (E.D. Mo. 2014)................................................................ 3

*In re St. Jude Med., Inc. Sec. Litig.*,
836 F. Supp. 2d 878 (D. Minn. 2011)............................................................... 4

*In re Stratasys Ltd. S'holder Sec. Litig.*,
2016 WL 3636992 (D. Minn. June 30, 2016), *aff'd*, 864 F.3d 879 (8th
Cir. 2017) ................................................................................................ 2

*In re Synovis Life Techs., Inc. Sec. Litig.*,
2005 WL 2063870 (D. Minn. Aug. 25, 2005) ..................................................... 3

*In re Target Corp. Sec. Litig.*,
275 F. Supp. 3d 1063 (D. Minn. 2017), *aff'd*, 955 F.3d 738 (8th Cir.
2020) .................................................................................................... 1, 2

*W. Wash. Laborers-Emps. Pension Tr. v. Panera Bread Co.*,
   697 F. Supp. 2d 1081 (E.D. Mo. 2010) ............................................................................ 3

**Statutes**

15 U.S.C. § 78u-5 ...................................................................................................... 2, 3

**PRELIMINARY STATEMENT**[1]

Plaintiffs' opposition confirms that the Complaint is premised on nothing more than tenuous assumptions and inferences devoid of the specificity required by the PSLRA. Plaintiffs have not pled a material misstatement or omission, scienter, or loss causation, nor do they establish when, if ever, Defendants learned of facts that made the challenged statements false or misleading. Without such well-pled facts, Plaintiffs' attempt to convert an ordinary supply-side disruption into a case of federal securities fraud should be summarily dismissed.

**ARGUMENT**

I.     **PLAINTIFFS FAIL TO PLEAD A MISSTATEMENT OR OMISSION**

A.     **Plaintiffs Fail To Plead Falsity**

Plaintiffs do not meaningfully address one of the critical flaws identified in Defendants' opening brief – namely, their failure to establish contemporaneous knowledge of falsity. Br. 13-17. Claiming "falsity need only be alleged plausibly," Plaintiffs entirely misconstrue the applicable standard. Opp'n 12. "[T]he PSLRA's falsity pleading requirement requires particularity." *Elam v. Neidorff*, 544 F.3d 921, 927 (8th Cir. 2008).[2]

Here, Plaintiffs do not come close to meeting their burden; they do not plead the "who, what, when, where, why, and how" for each alleged misstatement. *In re Target*

---

[1] Capitalized terms have the same definitions as in Defendants' opening brief. References to "Br." are to Defendants' opening brief, and references to "Opp'n" are to Plaintiffs' opposition brief.

[2] Plaintiffs' assertion that falsity "is a mixed question of law and fact" is misplaced. Opp'n 15. The sufficiency of a pleading is a question of law.

*Corp. Sec. Litig.*, 275 F. Supp. 3d 1063, 1070 (D. Minn. 2017), *aff'd*, 955 F.3d 738 (8th Cir. 2020).  Although timing is critical in a case like this, "the complaint is extremely vague in identifying the point at which any of the defendants would have known that problems with [foam] were likely to have a material impact on [Sleep Number]'s financial results." *In re Stratasys Ltd. S'holder Sec. Litig.*, 2016 WL 3636992, at *11 (D. Minn. June 30, 2016) (Schiltz, C.J.), *aff'd*, 864 F.3d 879 (8th Cir. 2017).  Indeed, rather than point to facts in the Complaint that are adequately pled, Plaintiffs instead use their opposition to parrot the same unreliable FE allegations established as insufficient in Defendants' opening brief. *See* Br. 23-29; *see also* Part II, *infra*.  Without particularized facts demonstrating falsity, Plaintiffs plead nothing more than impermissible fraud by hindsight.

**B.**     **Defendants' Forward-Looking Statements Are Not Actionable**

Defendants' opening brief established that the PSLRA safe harbor protects a majority of the challenged statements as forward-looking.  Br. 17-19.  In opposition, Plaintiffs contend that two categories of forward-looking statements are nevertheless actionable:  (i) mixed present/future statements; and (ii) hypothetical risk statements. Opp'n 20, 24.  Plaintiffs are wrong.

*Mixed Present/Future Statements*.  Plaintiffs attempt to recast several challenged statements as mixed present/future statements in which the "present" portion supposedly falls outside of the safe harbor.  Opp'n 24.  Plaintiffs, however, ignore several dispositive facts:  (i) the statements were all identified as forward-looking (Br. 17); (ii) the statements fall within the statutory definitions of a forward-looking statement – *e.g.*, plans, objectives, and assumptions for future operations (15 U.S.C. § 78u-5(i)(1)); and (iii) most importantly,

this Court and others have already deemed such statements to be non-actionable. *See In re Synovis Life Techs., Inc. Sec. Litig.*, 2005 WL 2063870, at *9-10 (D. Minn. Aug. 25, 2005) ("[w]e continue to drive a very high growth rate" and "both businesses are performing well and are positioned for continuing success"); *In re NVE Corp. Sec. Litig.*, 551 F. Supp. 2d 871, 902 (D. Minn. 2007) ("We expect [products] to drive future growth."), *aff'd*, 527 F.3d 749 (8th Cir. 2008); *W. Wash. Laborers-Emps. Pension Tr. v. Panera Bread Co.*, 697 F. Supp. 2d 1081, 1094 (E.D. Mo. 2010) ("statement concerning ongoing progress is forward-looking"); *Pound v. Stereotaxis, Inc.*, 8 F. Supp. 3d 1157, 1165 (E.D. Mo. 2014) ("statements relating to backlog [are] forward-looking"); *cf. In re Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 960 (8th Cir. 2008) (finding "'we are well-positioned' . . . too vague and too much like puffing to be material"). No different result should obtain here.[3]

***"Hypothetical" Risk Statements***. Plaintiffs further contend that certain forward-looking disclosures were misleading because they warned of risks that had already transpired. Opp'n 20. Plaintiffs, however, do not plead with particularity when those risks transpired, much less when Defendants became aware of them. *See* Point I.A., *supra*. Moreover, Plaintiffs conveniently overlook that the Court must consider: (i) whether the text of the statement – *not* the fact allegedly omitted – is forward-looking; and (ii) if forward-looking, whether Plaintiffs have demonstrated that the statement (a) is material, (b) is not accompanied by meaningful cautionary language, *and* (c) was made with actual knowledge of falsity. 15 U.S.C. § 78u-5(c)(1); *accord Julianello v. K-V Pharm. Co.*, 791

---

[3] The statements independently can be dismissed because Plaintiffs have not pled falsity, and all are non-actionable puffery, corporate optimism, or opinion. *See* Br. 13, 19.

3

F.3d 915, 920-21 (8th Cir. 2015).  The absence of any of (a), (b), or (c) is fatal, and, here, Plaintiffs have not established even a single prong.  Further, courts have rejected Plaintiffs' "hypothetical risk" theory on multiple grounds that squarely apply here.  Br. 18-19 (citing cases); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 134 (D. Md. 2021), *aff'd*, 31 F.4th 898 (4th Cir. 2022) ("[T]hose allegations fail because the risk factor disclosures are not intended to educate investors about harms currently affecting the company.").  Plaintiffs address none of these points in their opposition, choosing instead to ignore these fatal deficiencies in their Complaint.

***Cautionary Language***.  Plaintiffs incorrectly contend that Sleep Number's cautionary language was not "meaningful," and broadly posit that "courts have rejected such statements as ineffective boilerplate."  Opp'n 25.  The authority that Plaintiffs rely on, however, is inapposite, as the language at issue there was entirely generic.  *See In re St. Jude Med., Inc. Sec. Litig.*, 836 F. Supp. 2d 878, 893-94 (D. Minn. 2011).  The cautionary language in this case is materially different:  Sleep Number provided numerous, specific warnings of the risks to its business, including the consequences of adverse weather, reliance on external supply sources, and possible supply disruptions.  Br. 33-34. That is far from generic and all that was required; "[m]eaningful cautionary language need not explicitly mention the realized risk, as long as it warned of risks of similar significance."  *NVE*, 551 F. Supp. 2d at 893.

***Actual Knowledge***.  Plaintiffs do not credibly contest their failure to plead actual knowledge of falsity, confining their response to a mere footnote.  *Compare* Br. 19 *with*

4

Opp'n 26.  Rather, Plaintiffs simply repeat the same wholly insufficient FE allegations, which do not salvage their claim.  *See* Point II, *infra*.

### C.        Statements of Puffery, Optimism, And Opinion Are Not Actionable

Tellingly, Plaintiffs dedicate no more than a few sentences to the statements of non-actionable puffery and corporate optimism identified in Defendants' opening brief.  Opp'n 26.  All Plaintiffs muster in response is that such statements should be read in "their totality."  *Id.*  Heeding that invitation confirms that the challenged statements are precisely the sort of vague hyperbole that this Court routinely dismisses as non-actionable.  Br. 20 (citing cases).

Plaintiffs similarly fail to properly examine the many opinion statements identified by Defendants.  Opp'n 26-28.  They do not dispute that they must plead particularized facts establishing that Defendants (i) did not genuinely hold the expressed opinions, or (ii) omitted material facts that rendered the statements misleading.  No such facts are pled in the Complaint, and Plaintiffs fail to identify any in their opposition.

### D.        Plaintiffs Fail To Plead An Omission

Plaintiffs' Item 303 claim also fails.  First, whether a violation of Item 303 may even serve as the basis for liability remains an open question in this Circuit.  Br. 21.  Second, because Plaintiffs fail to plead Defendants' knowledge of "known trends or uncertainties," no primary Item 303 violation is alleged.  *Id.*  Third, to prevail, Plaintiffs must plead every element of Section 10(b), a requirement that dooms their claim.  *Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.*, on which Plaintiffs rely (Opp'n 23), acknowledges that Item 303 only gives rise to liability "if certain conditions are met,"

5

including the satisfaction of all Section 10(b) elements. 94 F. Supp. 3d 1035, 1047 (D. Minn. 2015).[4] Those "conditions" simply have not been pled here.

## II.    **PLAINTIFFS FAIL TO PLEAD SCIENTER**

Conceding that they rely only on allegations of "severe recklessness," Plaintiffs are entirely dependent on FE allegations that lack any credible indicia of reliability. Opp'n 29. Plaintiffs are mistaken that simply stating "each informant's title and job description" is sufficient. *Id.* at 32. FE allegations are deficient (and routinely dismissed) where, as here, the FEs are all low-level employees who had *no* direct contact with any individual defendant, and whose "information" is predicated on hearsay and rank speculation. Br. 24 (citing cases).

Moreover, Plaintiffs' opposition does nothing to refine Plaintiffs' theory of scienter. The opposition addresses just two categories of the Complaint's scattershot allegations: (i) access to information; and (ii) the Storm's magnitude and the importance of foam more generally. As established in Defendants' opening brief and below, these allegations fail to establish scienter.

***Access to Information***. Plaintiffs' arguments fail for two independent reasons. First, Plaintiffs portray Sleep Number's statements about being a vertically integrated business with "real-time access to supply chain data" as an "admission[]" that Defendants somehow knew of supposedly incurable foam supply shortages caused by the Storm at the

---

[4] *Tile Shop* concerned inflated gross margins caused by a significant increase in favorable, undisclosed related-party transactions. *Id.* Even without Item 303, plaintiffs there pled an actionable Section 10(b) claim. *Id.* at 1051-52.

time the challenged statements were made.  Opp'n 30.  These statements, however, do not actually "admit" anything about foam supply shortages, nor do they establish that Defendants had "visibility" into the inventory and supply capabilities of the third party Foam Manufacturers or Petrochemical Refineries.  In fact, Plaintiffs do not allege *any* particularized facts establishing that internal "data" monitoring revealed anything about Sleep Number's foam inventory, let alone the inventory of third parties.[5]  Second, even assuming such facts were pled, nothing in the Complaint indicates that foam inventories were incurably low when the challenged statements were made.  *See NVE*, 551 F. Supp. 2d at 895 ("Plaintiffs have not sufficiently pled that the problems were so large and insurmountable that the statement was false.").

*Magnitude of Storm and Importance of Foam*.  Plaintiffs conclusorily argue that the Court should infer severe recklessness given the Storm's magnitude.  Opp'n 33.  That the Storm was an extreme weather event, however, does not permit the inferential leap to the existence of an alleged fraud, particularly when Plaintiffs simultaneously allege that "major plants were only shut down *for a few days*."  Compl. ¶ 46 (emphasis added).

Hoping to somehow buttress their allegations, Plaintiffs make much of *force majeure* letters purportedly sent by the Foam Manufacturers.  Opp'n 34.  Instead of pleading actual receipt of the letters by Defendants, Plaintiffs meekly claim that the Foam Manufacturers sent the letters to their customers, "which would include Sleep Number."

---

[5] Plaintiffs' conclusory assertion that the "Company's systems would unquestionably capture the data" of third parties (including downline suppliers) is unsupported in the Complaint and defies logic.  Opp'n 31 n.11.

Compl. ¶ 134.[6]  The inferential leaps required by Plaintiffs' theory are simply insufficient to establish a strong and compelling inference of scienter.

Even assuming, *arguendo*, that Defendants actually received *force majeure* letters from the Foam Manufacturers, receipt of such letters does not necessarily mean that the Foam Manufacturers would fail to meet their obligations or that downstream customers would feel any impact (let alone a material impact).  Indeed, the letters themselves indicated that more information would be provided at a later date, which, in and of itself, makes clear that the impact of the Storm was still unknown.  Thus, there was no "known trend[] or uncertaint[y]" that required disclosure under Item 303.  Opp'n 35.  In short, Plaintiffs have not pled facts indicating that Defendants acted recklessly, and the Complaint should therefore be dismissed in its entirety.[7]

## III.   **PLAINTIFFS FAIL TO PLEAD LOSS CAUSATION**

Defendants' opening brief demonstrated that Plaintiffs fail to plead loss causation. Br. 30.  In response, Plaintiffs speciously argue that the issue cannot be resolved on a motion to dismiss.  Opp'n 39.  Plaintiffs are wrong.  Two seminal cases they cite – the Supreme Court in *Dura* and the Eighth Circuit in *Rand-Heart* – found loss causation inadequately pled on motions to dismiss.  Opp'n 21, 36.  Moreover, the only documents

---

[6] Plaintiffs misleadingly state that "FE-4 provides the factual support to demonstrate that the notices were sent to Defendants."  Opp'n 26 n.9.  But the Complaint says only that Sleep Number "purchased foam from two companies," ECS and FXI, and "public reports" suggested they sent *force majeure* letters to their "customers."  Compl. ¶¶ 47, 134.

[7] Plaintiffs do not meaningfully contend that the SOX certifications were false or misleading.  *Id.* at 35 n.12.

8

relied on in Defendants' opening brief are those cited by Plaintiffs in the Complaint – namely, Sleep Number's SEC filings and earnings call transcripts. As such, the Court should consider the sufficiency of Plaintiffs' two theories of loss causation with the benefit of the full documents selectively quoted by Plaintiffs. Once it does so, it is clear that Plaintiffs' theories fail as a matter of law.

*Corrective Disclosures*. As set forth in the opening brief, the Complaint fails to plead loss causation because it does not adequately link the purportedly "corrective" disclosures to declines in Sleep Number's stock price. Br. 30. In fact, the two purported "corrective" disclosures – on April 21 and July 20, 2021 – are not corrective at all.

Plaintiffs myopically focus on a single statement from April 21, 2021: Mr. Callen's remark that Sleep Number's "[supply] challenge isn't even the result of the foamers. It's not their problem. It's the challenge with the chemical producers. And you saw that's been a trifecta of bad luck for those producers." Opp'n 36. But this colloquy is not "corrective," nor does it plausibly suggest that the market reacted negatively to a revelation that Defendants' prior statements were misleading. Likewise, Defendants' vague references on July 20, 2021 to temporary "supply constraints" are also not corrective. Br. 32. Tellingly, Plaintiffs' only support for their claim is a July 23, 2021 media report discussing foam shortages in the furniture industry, issued three days *after* the allegedly corrective disclosure on July 20. Furthermore, Plaintiffs conveniently ignore numerous statements in both the April and July 2021 disclosures attributing supply constraints to several *other* market factors. Br. 31-32 (detailing factors). In sum, Plaintiffs fail to allege any corrective disclosure.

***Materialization of the Risk***.  As set forth in Defendants' opening brief, Plaintiffs also do not adequately allege that the challenged statements concealed a risk that later materialized. Br. 33-34.  Sleep Number disclosed the same risks of which Plaintiffs now complain: adverse weather events and reliance on supply sources.  *Id.*; Point I, *supra*.  Where, as here, "there are 'substantial indicia of the risk' already in the public domain, a plaintiff must allege '(i) facts sufficient to support an inference that it was defendants' fraud – rather than other salient factors – that proximately caused plaintiff's loss; or (ii) facts sufficient to apportion the losses between the disclosed and concealed portions of the risk that ultimately destroyed an investment.'"  *In re New Energy Sys. Sec. Litig.*, 66 F. Supp. 3d 401, 406 (S.D.N.Y. 2014) (citation omitted).  Because Plaintiffs fail to do so, the Complaint should be dismissed.

## IV.    PLAINTIFFS' "CONTROL PERSON" CLAIM FAILS

Plaintiffs' failure to plead a Section 10(b) claim precludes their "control person" claim under Section 20(a).  Br. 34.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' opening brief, the Complaint should be dismissed in its entirety and with prejudice.  Because Plaintiffs have not indicated "what, if any, amendments they could make that would cure the deficiencies" of the Complaint, their footnote request for leave to amend should be denied.  *In re Ceridian Corp. Sec. Litig.*, 504 F. Supp. 2d 603, 621 (D. Minn. 2007) (Schiltz, C.J.), *aff'd*, 542 F.3d 240 (8th Cir. 2008).

10

Dated:  October 25, 2022
       New York, New York

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth (*pro hac vice*)
Joshua S. Amsel (*pro hac vice*)
Stefania D. Venezia (*pro hac vice*)
Dylan L. Ruffi (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
john.neuwirth@weil.com
joshua.amsel@weil.com
stefania.venezia@weil.com
dylan.ruffi@weil.com

**FOX ROTHSCHILD LLP**
Bret A. Puls (#305157)
222 S. Ninth Street, Suite 2000
Minneapolis, MN 55402
Tel:  (612) 607-7000
Fax:  (612) 607-7100
bpuls@foxrothschild.com

*Counsel for Defendants*

11